INTERNATIONAL TIME RECORDING CO. v. W. H. BUNDY RECORD-
ING CO.

(Circuit Court, N. D. New York. April 17, 1907.)

PATENTS—INFRINGEMENT—WORKMEN'S TIME RECORDER.

The Cooper patent, No. 528,223, for a workmen's time recorder, was not
antici·ated, and is valid as to claims 1, 4, 5, 7, and 10. Claims 5, 7, and
10 are limited to a construction in which the abutment which limits the
movement of the card is intermittingly actuated by the time mechanism,
and are not infringed by a device in which the abutment is moved by the
hand of the operator. Claim 4 contains no such limitation, and any inter-
mittingly operated mechanism is within its terms. In claim 1 a card
guide or receiver adjustable relatively to the stamp is made by the lan-
guage of the claim an essential element, and it is not infringed by a con-
struction in which such receiver is stationary and the stamp and its
actuating mechanism are movable.

In Equity. Suit for alleged infringement of claims 1, 4, 5, 7, and 10
of United States letters patent No. 528,223, dated October 30, 1894,
to Daniel M. Cooper for workman's time recorder.

Kerr, Page & Cooper and Thomas B. Kerr (Drury W. Cooper,
of counsel), for complainant.
Arthur E. Parsons and William A. Redding, for defendant.

RAY, District Judge. This patent in suit, No. 528,223, to Daniel
M. Cooper, dated October 30, 1894, for workman's time recorder,
application filed May 14, 1894, as to claims 2, 3, 4, 5, 7, 8, and 10,
has recently been before this court and the Circuit Court of Appeals,
Second Circuit, on appeal from the decree of the Circuit Court (In-
ternational Time Recording Co. v. Dey et al., 142 Fed. 736, 74 C.
C. A. 68), and the validity of such claims was there involved and
sustained. In this case claims 1, not before involved, and 4, 5, 7,
and 10, are in issue and infringement of each claim is alleged. As the
infringement alleged here is not the same as involved in the prior
suit the claims in issue will be given in full. They are as follows:

"(1) In a time recorder, the combination with a time stamp, of a card guide
or receiver adjustable relatively to the stamp in one direction, an actuating
device for causing the stamp to mark a card in the receiver, an abutment for
limiting the movement of a card relatively to the stamp, said abutment being
independent of the stamp actuating device, and adjustable in a direction at an
angle to the before-described movement of the guide, whereby the card may re-
ceive two or more marks in the same or different planes, substantially as de-
scribed."

"(4) In a time recorder, the combination with a time stamp and operating
devices therefor, of a card guide or receiver, an abutment limiting the move-
ment of the card relative to the time stamp, and intermittingly operated mech-
anism for actuating the abutment, substantially as described.

"(5) In a time recorder, the combination with a time stamp, and operating
devices therefor, of a card guide or receiver, an abutment limiting the move-
ment of the card relative to the time stamp, and intermittingly operated mech-
anism controlled by a time movement for actuating said abutment, substan-
tially as described."

"(7) In a time recorder, the combination with the time stamp embodying
marking wheels, and a time movement, of a card guide or receiver, an abutment
limiting the movement of the card relative to the marking wheels, actuating

mechanism for moving the abutment and controlled from the time movement of the stamp, substantially as described."

"(10) The combination with the time stamp embodying marking wheels, and a time movement operating them, of the card receiver open at front and rear, and movable relatively to the marking wheels, the movable abutment at the bottom of said receiver, actuating devices for moving said abutment intermittingly toward the marking wheels, a time mechanism for controlling it, a movable hammer cooperating with the marking wheels, and operating devices therefor, substantially as described."

The defendant insists that it has produced evidence in this case which should secure (1) a reversal of the holding of the Circuit Court of Appeals that claims 4, 5, 7, and 10 are valid in view of the prior art; or (2) a material modification of the holding as to the breadth and scope of the invention disclosed in claims 4, 5, 7, and 10. I do not think the new evidence sufficient to justify a holding that the claims in issue, or either of them, are invalid in view of the prior art. Such evidence, to some extent, does limit the broader interpretation the claims would otherwise be entitled to. The fact remains, however, that Cooper made a notable advance, as an improver, over the prior art. A reference to the opinion of the learned Circuit Court of Appeals, delivered by Coxe, C. J., will show wherein that advance resided.

The contention here arises, in the main, over the construction of the words "and intermittingly operated mechanism for actuating the abutment," in claim 4, "and intermittingly operated mechanism controlled by a time movement for actuating said abutment," in claim 5, "actuating mechanism for moving the abutment and controlled from the time movement of the stamp," in claim 7, and "actuating devices for moving said abutment intermittingly toward the marking wheels, a time mechanism for controlling it," in claim 10. The defendant insists that the words quoted in each claim require and demand the presence of mechanism automatically operated by the clock by which the abutment is actuated and moved intermittingly. Defendant insists that in its device this is done by the hand of the operator, and therefore it does not infringe. In discussing this patent and the claims then in dispute including those now in suit, except claim 1, not there involved, the learned Circuit Court of Appeals, after reciting the defects to be remedied and which were largely remedied by the Cooper invention, as that court held, said:

"These were some of the defects which Cooper undertook to remedy and which he succeeded in remedying to a very considerable extent. His plan is to provide each workman with a card bearing his name and number, so arranged that the exact time of his going in and coming out of the factory will be printed each day. In order to accomplish this result, Cooper provides a clock mechanism and a time stamp embodying suitable printing mechanism combined with a card receiver which brings the card into such a position that the typeprinting wheels will inevitably print the correct time in the proper spaces upon the card. At the bottom of the receiver is a movable abutment on which the card rests when dropped in by the workman. This abutment is raised intermittently the distance between the centers of two of the horizontal spaces on the card, 'thereby decreasing the depth of the card receiver, every twelve hours, or half day, until Saturday night, and then, on Sunday morning, leaving it of maximum depth so that the card may be inserted nearly its full length, in position to print on the top line.' This is accomplished by an ingenious combination between the clock mechanism, the printing mechanism, and the receiver; the novel element being the adjustable card receiver

and the means employed by which it is brought into correct relations with the other mechanisms so as to produce a simple, accurate, and reliable time recorder."

That court then particularly discussed the claims in issue there, and as to claim 2, not in issue here, said:

"The first claim involved [No. 2] is for the combination, in a time recorder, of a card guide or receiver, adjustable relatively to the stamp in one direction, and a movable abutment or stop for engaging a card automatically movable relatively to the stamp in another direction, with a time stamp and operating devices therefor. In other words, it is for a combination, in a time recorder, containing the following elements: First. A time stamp. Second. Operating devices therefor. Third. A card receiver adjustable relatively to the stamp in one direction. Fourth. A movable abutment or stop for engaging a card automatically movable relatively of the stamp in another direction."

That claim reads:

"(2) In a time recorder, the combination with a time stamp and operating devices therefor, of a card guide or receiver adjustable relatively to the stamp in one direction and a movable abutment or stop for engaging a card automatically movable relatively of the stamp in another direction, substantially as described."

As to claim 3, not in issue here, that court said: ·

"Claim No. 3 is limited to an abutment actuated intermittingly by the time mechanism."

Claim 3 reads:

"(3) In a time recorder, the combination with a time stamp and operating devices therefor, of a card guide or receiver, an abutment limiting the movement of the card relative to the time stamp and time mechanism actuating said abutment intermittingly, substantially as described."

As to claim 4, which is in issue here, that court said:

"Claim No. 4 is the same as No. 3, except that by the omission of the word 'time,' before the word 'mechanism,' any intermittingly operated mechanism is within its terms."

Claim 4 reads:

"(4) In a time recorder, the combination with a time stamp and operating devices therefor, of a card guide or receiver, an abutment limiting the movement of the card relative to the time stamp, and intermittingly operated mechanism for actuating the abutment, substantially as described."

It will be noted that in claim 2 the words are "and a movable abutment or stop for engaging a card automatically movable relatively of the stamp in another direction," and, in claim 3, "an abutment limiting the movement of the card relative to the time stamp and time mechanism actuating said abutment intermittingly." It is admitted that defendant does not infringe claims 2 and 3, as the abutment is not "automatically movable" or actuated by "time mechanism." The Circuit Court of Appeals says that claim 4 covers "any intermittingly operated mechanism" for actuating or moving the abutment. This word "any" clearly includes mechanism operated manually, or by the hand of the operator or workman, provided it be "intermittingly operated." But claim 5 returns to an actuation or movement of the abutment by "intermittingly operated mechanism controlled by a time movement," and does not include mechanism controlled by the hand

of the operator. Hence defendant does not infringe claim 5 of the patent in suit. As claim 7 has as an essential element "actuating mechanism for moving the abutment," which is and must be "controlled from the time movement of the stamp," and defendant's is not thus controlled, there is no infringement of claim 7. The patent says:

"Where the term 'time stamp' is used in the claims it is to be understood, in the absence of further limitations, to mean the hour and minute marking wheels, and devices for marking an impression or imprint upon a card or slip placed between them."

The "time movement of the stamp" is the clock, and I think claim 7 necessarily excludes, or, does not include, mechanism for moving the abutment controlled by the hand of the operator. In claim 10 an essential element is "a time mechanism for controlling it," the abutment, or "the actuating devices for moving the abutment intermittingly towards the marking wheels." As this is wanting in defendant's time recorder, and the work is done by the hand of the operator, there is no infringement. Defendant has not merely disconnected the means for causing the movement and actuation of the abutment from the "time movement" and "time mechanism," etc., so as to make the difference in his device from the time recorder of complainant colorable merely, but the differences are in essential and substantial matters. As to infringement of claim 4, defendant's counsel, after quoting the language of Judge Coxe, "Claim No. 4 is the same as No. 3, except that by the omission of the word 'time' before the word 'mechanism' any intermittingly operated mechanism is within its terms," says:

"But this does not mean that the 'intermittingly operated mechanism' of claim 4 is not a mechanism operated substantially the same as that of the patent in suit, at regular intervals of time, and also operated automatically."

But the Circuit Court of Appeals did not say that the movement or actuation of the abutment in claim 4 must be by intermittingly operated mechanism moving or acting automatically. I can discover no difference, except in the mere wording, between claims 3 and 4, aside from the fact that in claim 3 the abutment is actuated—that is, moved, by a "time mechanism"—while in claim 4 it is actuated or moved by a mechanism other than a time mechanism. A mechanism operated by the hand of the operator and at his will is not a time mechanism. I think the Cooper patent contemplates two distinct movements caused by the clock, which is the motor of that device, viz., one operating the time-printing wheels and the other operating the abutment. Both are automatic, unless it be in claim 4, where the "time mechanism" is not included for moving the abutment, but it must be moved "intermittingly"; and, if this intermitting movement must be given and controlled by the clock motor and defendant causes it to be given by the hand of the operator, then there is no infringement of claim 4. But I do not so understand defendant's device and mechanism. I think that, in part, the "intermittingly operated mechanism for actuating the abutment" is operated by the clock which aids to give it its intermittent movement while it is not controlled by a "time mechanism." There is a difference between "intermittingly operated mechanism

for actuating the abutment" and "intermittingly operated time mechanism for actuating the abutment." Defendant uses the first, but not the second. In claims 5, 7, and 10 the Cooper patent demands that the "intermittingly operated mechanism" be "controlled by a time movement for actuating said abutment," or "actuating mechanism for moving the abutment," and which must be "controlled from the time movement of the stamp" or "a time mechanism controlling" the abutment. The mechanism for actuating the abutment may be automatically moved so far as to give it the intermittent movement or motion in part, and still the abutment may not be controlled by a time movement or time mechanism, but by the hand and the will of the operator. In defendant's time recorder the abutment is brought into position for printing the time on the card by mechanism operated by the hand of the operator, and not by a time mechanism. It is dropped back to its original position for starting work at the very bottom of the receiver by the hand of the operator, but the lever moved by the operator to move the abutment into position and to drop it back to the very bottom of the receiver is connected with and at times moved by the clock. As the claims in issue here plainly mark the distinction and make it essential, and as defendant controls the abutment by the hand of the operator, and not by a time movement or mechanism, except as to claim 4, which does not demand the "time mechanism" for actuating or controlling the abutment, there is no infringement.

Heretofore I have excluded from consideration claim 1 of the patent in suit, which was not in issue or considered by the Circuit Court of Appeals in the former suit. That claim has the following elements in combination: (1) A time stamp, which is defined in the specifications and is old in the art: (2) a card guide or receiver, adjustable relatively to the stamp in one direction, also old; (3) an actuating device for causing the stamp to mark a card in the receiver, also old; (4) an abutment for limiting the movement of a card relatively to the stamp, old—(a) said abutment being independent of the stamp actuating device, also old, and (b) adjustable in a direction at an angle to the above-described movement of the guide, whereby (c) the card may receive two or more marks in the same or different planes. It is contended by the complainant that this claim is valid and infringed by any device which causes a movement of the abutment by any means whatever in any direction whatever at an angle to the direction of the movement of the card guide or receiver. I think I am compelled by the decision of the Circuit Court of Appeals to hold this claim valid. It is, of course, limited to the combination of elements described. The same combination of the same elements—combined, of course, in the same way to produce the same result—is an infringement. The defendant does not move its card guide or receiver at all, it being stationary, but moves the time stamp and mechanism laterally, so as to bring the printing wheels, etc., to the desired column on the card by moving or pressing the handle or lever, with which he does the printing by a downward pressure thereof to the right or to the left as he desires to move the time stamp to the right or to the left. Defendant's card guide or receiver is in no sense adjustable

relatively to the stamp. It has no movement in any direction. But the time stamp, etc., is adjustable with reference to or relatively to the card guide or receiver. The Cooper patent, on the other hand, has a card guide or receiver adjustable relatively to the stamp in one direction; that is, we move the card receiver by means of an independent lever or handle laterally from right to left at will, thus bringing any desired column of the card in front of the time stamp for the printing. There is no patentable novelty in this movement or in the mechanism or means for producing it. Nor is there any patentable novelty in defendant's movement or means for producing it. Any skilled mechanic would have made the desired arrangement and produced the necessary mechanism in either case. To bring the two parts "by hand" into juxtaposition for printing the time on the card at any desired point was a simple matter; but the element is in the combination of claim 1, and it is made an essential element. Given a combination without it, and it is no longer the combination of claim 1 of the patent in suit.

Has Cooper, a mere improver, limited himself to "a card guide or receiver adjustable relatively to the stamp in one direction," in a combination with an actuating device for causing the stamp to mark a card in the receiver and "an abutment for limiting the movement of a card relatively to the stamp," and which abutment is independent of the stamp-actuating device and "adjustable in a direction at an angle to the before-described movement of the guide" or card receiver? The movement of the card receiver itself is twice emphasized. Evidently the inventor, Cooper, had no conception of a movement of the time stamp, etc., into proper juxtaposition with a stationary card receiver, and consequently with the card contained therein. Is the one movement and the means for producing it the fair and well-known equivalent of the other, and is complainant entitled to the benefit of the doctrine of equivalents? I think there can be no question that the one is the equivalent of the other in purpose and result. But the language of the claim is so emphatic, so precise, and definite, and the idea of a movable abutment so repeated, that we are almost compelled to the conclusion that the patentee has knowingly and designedly limited his claim to such a movement and mechanism for producing it. If this element itself imported into or embodied in the claim patentable novelty, was not old and simple, a well-known movement and mechanism, one suggested to any mechanic skilled in the art, and not emphasized and repeated in the language quoted, I should be disposed to hold that the complainant is entitled to the doctrine of equivalents. As it is, I do not think it is. The specifications, while not limiting the patentee as to mechanism for producing the movement of the guide, or receiver, do not suggest or imply any movement or mechanism for a movement other than that of the receiver, a movable card guide or receiver, one adjustable relatively to the stamp in one direction. A mechanism for moving and adjusting the time stamp and mechanism connected therewith relatively to some fixed object, as the card receiver, is quite different from a mechanism for moving and adjusting the simple card receiver itself relatively to the time stamp. It is well settled that an inventor, a mere improver, may so limit himself by the language of

his claims as to lose the benefit of a broad construction or interpretation of his claim, and so limit himself to a very narrow range of equivalents, and, as the Supreme Court of the United States has said in the recent case of Computing Scale Company of America v. Automatic Scale Company (decided February 25, 1907), 27 Sup. Ct. 307, 51 L. Ed. ——, practically to the means shown by the inventor. See, also, Cimiotti Unhairing Co. v. American Refining Co., 198 U. S. 399, 406, 407, 25 Sup. Ct. 697, 49 L. Ed. 1100, and cases there cited. The syllabus of that case is as follows:

"A greater degree of liberality and a wider range of equivalents are permitted where the patent is of a pioneer character than when the invention is simply an improvement, although the last and successful step, in the art theretofore partially developed by other inventors in the same field.

"The patent involved in this case, for the unhairing of seal and other skins, while entitled to protection as a valuable invention, cannot be said to be a pioneer patent.

"In making his claim the inventor is at liberty to choose his own form of expression, and, while the courts may construe the same in view of the specifications and the state of the art, it may not add to or detract from the claim.

"As the inventor is required to enumerate the elements of his claim, no one is the infringer of a combination claim unless he uses all the elements thereof.

"Where the patent does not embody a primary invention, but only an improvement on the prior art, the charge of infringement is not sustained if defendant's machines can be differentiated."

It is conceded by complainant's counsel, as indeed, the evidence shows, that defendant's alleged infringing device is in some respects an improvement upon complainant's, and clearly it is differentiated. Complainant claims infringement of claim 1 of the patent in suit by defendant's exhibit, defendant's Time Recorder No. 2, only. I do not think the defendant's fixed card receiver and laterally movable time wheels and mechanism for doing the work a mere reversal of the fixed time stamp and laterally-movable card receiver of claim 1 of the patent in suit. By a reference to the prior art, Martin and MacCoy British patents, Parkes British patent, and the Dey patents, it will be seen that defendant has done only what the prior art, aside from the patent in suit, warranted and justified him in doing in his combination. That prior art was open to the world so far as complainant is concerned and as defendant has utilized it, and not complainant's combination, it does not infringe.

I find infringement of claim 4 of the patent in suit only, but not by defendant's weekly time recorder No. 2. There will be a decree accordingly.